EXHIBIT 1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Qualcomm Incorporated,<br><br>                      Applicant. | CASE NO.: 1:18-mc-00010-JEP<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, on May 4, 2018, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting Qualcomm Incorporated ("Qualcomm") leave to obtain discovery from Qorvo Incorporated ("Qorvo"), for its use in foreign proceedings, namely two actions pending the Regional Court of Munich, 7th Civil Division, entitled *Qualcomm v. Apple Distribution International ULC, et al.*, Case No. 7 O 10495/17 and *Qualcomm v. Apple Incorporated*, Case No. 7 O 10496/17 (the "German Proceedings") (DE 4);

WHEREAS, on May 9, 2018, Qualcomm served Qorvo with a subpoena identifying the documents it seeks for use in those foreign proceedings; and

WHEREAS, Qorvo wishes to protect the confidential, proprietary, and/or commercially sensitive information of certain documents sought by Qualcomm.

NOW, THEREFORE, Qorvo and Qualcomm hereby stipulate and agree as follows:

Qorvo may, in good faith, designate material produced in response to this subpoena that is confidential, proprietary, and/or commercially sensitive information marked as "CONFIDENTIAL."

The following protections shall apply to information produced by Qorvo pursuant to the subpoena at issue and marked "CONFIDENTIAL" (which includes designations of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and "HIGHLY CONFIDENTIAL – SOURCE CODE"):

    1. Qualcomm's in-house counsel and other Qualcomm personnel shall not be permitted access to such confidential information.

    2. Qualcomm shall not provide access to the CONFIDENTIAL information to anyone except:

        (a) Qualcomm's outside counsel (lawyers and patent agents, including their administrative personnel and retained translators);

        (b) Apple Inc.'s ("Apple") outside counsel (lawyers and patent agents, including their administrative personnel and retained translators);

        (c) German court personnel in the German Proceedings (as defined above);

(d) Court appointed experts in the German Proceedings (as defined above); and

(e) Qualified Retained Experts as defined below.

For the avoidance of doubt, this paragraph 2 does not alter any existing terms governing use of confidential information in any existing proceedings in the U.S. between Qualcomm and its affiliates, on the one hand, and Apple or any of its affiliates, on the other hand.

3. "Qualified Retained Experts" as used above means experts retained for the German Proceedings who are qualified in advance with an opportunity for Qorvo to make reasonable objections within ten (10) calendar days after disclosure of any such expert to Qorvo. If, after meeting and conferring in good faith following such objection, the parties are unable to resolve the objection, Qorvo shall have within fourteen (14) calendar days of the initial notice of objection or within five (5) calendar days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, to file a motion for a protective order with this Court, after which time it shall be deemed to have waived its objections.

4. Each Qualified Retained Expert, Qualcomm's and Apple's outside counsel (lawyers and patent agents, including their retained translators) will agree in writing to be bound to the terms of this protective order by signing the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and will only be given access if he or she needs to see Qorvo's confidential information for purposes of assisting with Qualcomm's claims or defenses in any German litigation(s).

5. Qualcomm agrees any document produced by Qorvo and designated as CONFIDENTIAL will be only used as necessary during hearings and that Qualcomm will only submit written materials designated as containing CONFIDENTIAL information to rebut statements in written submissions by Apple or its affiliates and any other parties to the foreign proceedings. Qualcomm will request the competent German court to exclude any submitted materials containing CONFIDENTIAL information from any third party access to the court files and to keep them separate from other submissions. Qualcomm will use its best

3

efforts to ensure that Qorvo's confidential information will not be made public, including, for example, referring to citations to the written record during court proceedings instead of the substantive CONFIDENTIAL information. Qualcomm further agrees that, pursuant to the preceding sentences of this paragraph, where it is necessary to advise the German court of the contents of any Qorvo CONFIDENTIAL information by making a filing or referencing a document at a hearing, Qualcomm will first, on behalf of Qorvo, ensure that at least one of the following additional protections are in place, working with Qorvo to do so as necessary:

> (a) In the case of a written submission, either (i) all trade secrets and/or CONFIDENTIAL information are redacted, or (ii) only the persons set forth in paragraph 2 above are the recipients of such information from Qualcomm; or
>
> (b) In the case of a court hearing, the German court seals the courtroom from the public, including the party representatives, during those portions of court hearings when Qorvo's CONFIDENTIAL information is to be discussed and orders the persons present at the court hearing, including the parties' attorneys of record and the patent attorneys retained to participate in the German litigation, to hold confidential vis-à-vis their clients and third parties the facts relating to Qorvo's CONFIDENTIAL information and of which they have become aware for the first time by way of the submissions exchanged in the proceeding or the statements made during the oral hearing, and to use these only for procedural purposes in the German litigation.

6. After and to the extent Qualcomm receives notice, Qualcomm will object to any attempt by a third party to access any such Qorvo CONFIDENTIAL information submitted to the court in the German Proceedings. After receiving notice, Qualcomm will promptly notify Qorvo and its counsel of any attempt by a third party to the German Proceedings to access any such Qorvo CONFIDENTIAL information from those proceedings, or of any attempt by any

4

third party to intervene in the German Proceedings, in sufficient time to allow Qorvo to object, with Qualcomm's assistance and the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place.

7. Qualcomm will give Qorvo reasonable advance notice of any hearings at which its CONFIDENTIAL information may be used and an opportunity to attend.

8. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and this Court shall have jurisdiction over Qualcomm, Qorvo, their attorneys, and all persons to whom CONFIDENTIAL information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

9. PROSECUTION BAR

A Producing Party may additionally designate Protected Material designated either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" with the confidentiality designation "SUBJECT TO PROSECUTION BAR" or substantially similar language ("PROSECUTION BAR MATERIAL") with respect to technical information that both (1) discloses details of the design or operation of the Producing Party's commercial products or services and (2) constitutes trade secret or highly sensitive, commercially competitive technical information.

Absent written consent from the Producing Party, any individual who receives access to PROSECUTION BAR MATERIAL shall not be involved in the prosecution of patent applications relating to the subject matter of such PROSECUTION BAR MATERIAL before any foreign or domestic agency, including (but not limited to) the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims prior to the grant of the particular patent.

To avoid any doubt, "prosecution" as used herein does not include representing a party challenging or defending a patent (after it has been granted) before a domestic or foreign

agency or court (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, invalidity defenses and attacks in the context of an infringement proceeding, and oppositions in front of the European or German Patent Offices or any type of national nullity actions). "Prosecution" does include, however, any post-grant proceeding wherein the claims of the patent could be amended or altered, such as in any Inter Partes Review before the U.S. Patent & Trademark Office, but does not include oppositions in front of the European or German Patent Offices or any nullity actions before the German Federal Patent Court that relate to actions between Qualcomm and Apple. This Prosecution Bar shall begin when access to PROSECUTION BAR MATERIAL is first received by the affected individual and shall end one (1) year after final termination of all actions between Qualcomm and Apple regarding the patents at issue or related patents.

Dated: June 28, 2018                    Respectfully submitted,


/s/Lance A. Lawson

Lance A. Lawson, P.E.
N.C. State Bar No. 23835
MCNAIR LAW FIRM, P.A.
Bank of America Plaza
101 S. Tryon Street, Suite 2610
Charlotte, North Carolina 28282
Telephone: 704-347-1170
Facsimile: 704-347-4467
E-mail: llawson@mcnair.net

*Local Counsel for Applicant,*
*Qualcomm Incorporated*


/s/Yury Kapgan

Yury Kapgan
CA State Bar No. 218366
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: yurykapgan@quinnemanuel.com

*Counsel for Applicant,*
*Qualcomm Incorporated*
*(by Special Appearance)*


/s/Michael S. Connor_____

Michael S. Connor
NC State Bar No. 16152
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: mike.connor@alston.com

*Counsel for Qorvo Incorporated*


**IT IS SO ORDERED.**


_____

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Middle District of North Carolina on [date] in the case of *In re Ex Parte* Application of Qualcomm Incorporated, Case No. 1:18-mc-00010-JEP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]